SUCESORES DE ABARCA, S. EN C., DEMANDANTE, *v.* CENTRAL VANNINA, DEMANDADA Y APELADA, Y SOBRINOS DE EZQUIAGA, ACREEDORA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en caso sobre cobro de pesos (preferencia de crédito).

No. 1302.—Resuelto en julio 20, 1915.

REFACCIÓN AGRÍCOLA—PREFERENCIA DE CRÉDITOS—CRÉDITO SIMPLE—PAGO HECHO EN CONCEPTO DE FIADOR.—En este caso la mercantil Sobrinos de Ezquiaga celebró un contrato de refacción agrícola con la Central Vannina, entregando la primera a la segunda la suma de $200,000. Cuando dicho contrato se celebró, la referida Central Vannina se encontraba adeudando al Banco Territorial y Agrícola la suma de $25,000 facilitádoles en concepto de préstamo y de cuya suma eran fiadores Sobrinos de Ezquiaga quienes, al ser requeridos de pago, la hicieron efectiva en dos plazos. La corte inferior ordenó al *master* que considerara el crédito de $25,000 como simple, y en apelación se resolvió:

1. Que el contrato celebrado entre Sobrinos de Ezquiaga y Central Vannina es uno de refacción agrícola comprendido en el párrafo 2°., artículo 1824 del Código Civil.

2. Que el préstamo de $25,000 facilitado por el Banco Territorial y Agrícola a la Central Vannina y del cual eran fiadores Sobrinos de Ezquiaga no fué incluído en el primitivo préstamo de $200,000.

3. Que existe conflicto, que dirimió el juez inferior, con respecto a si los $25,000 tienen cierto carácter especial por virtud del cual los acreedores tienen derecho a retenerlos en garantía de las reclamaciones que surgieran con motivo de azúcares entregados a ellos.

4. Que es un hecho enteramente claro que los apelantes no se han colocado dentro de las prescripciones del párrafo 2°. del artículo 1824 del Código Civil, porque su reclamación por los $25,000 no se hizo constar en escritura pública ni fué inscrita en el registro; y

5. Que el hecho de que Sobrinos de Ezquiaga fueran acreedores refaccionarios por virtud del préstamo de los $200,000 no incluye el pago de los $25,000, como comprendido dentro del significado del artículo 3°. de la ley de 10 de marzo de 1910, porque dicho pago no fué hecho por Sobrinos de Ezquiaga por razón de su condición de acreedores refaccionarios debido a los $200,000 que entregaron, sino por la obligación que habían contraído en su calidad de fiadores.

Los hechos están expresados en la opinión.

Abogado de la mercantil Sobrinos de Ezquiaga: *Sr. Eduardo Acuña Aybar.*

Abogados de los Síndicos Judiciales de la Central Vannina: *Sres. Alvarez Nava & Domínguez.*

Los demandantes no comparecieron.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El artículo 1824 del Código Civil de Puerto Rico según fué enmendado por la Ley de Marzo 10, 1910, y la Ley de marzo 9, 1911, prescribe entre otras cosas lo siguiente:

"Con relación a determinados bienes inmuebles y derechos reales del deudor, gozan de preferencia:

\*        \*        \*        \*        \*        \*        \*

"2. Los créditos por refacción agrícola, en cuanto a los frutos de las fincas objeto de la refacción, según lo determinado en la ley especial sobre esta materia.

\*        \*        \*        \*        \*        •  \*        \*

"6. Los refaccionarios no anotados ni inscritos, sobre los inmuebles a que la refacción se refiera, y sólo respecto a otros créditos distintos de los expresados en los cuatro números anteriores."

En 20 de enero de 1915 la corte inferior dictó una reso-
lución en la que se ordenaba al *master* nombrado por la corte·
que considerara cierto crédito de Sobrinos de Ezquiaga como
simple.   En otras palabras,·la corte fué de opinión de que
dichos Sobrinos de Ezquiaga no tenían derecho a preferencia
alguna de acuérdo con ninguno de los párrafos que hemos
transcrito y apelan ellos alegando que son acreedores por
refacción agrícola según se define ésta en la Ley de marzo 10.
1910.

En 25 de agosto de 1913, la referida mercantil de Sobrinos
de Ezquiaga celebró un contrato de refacción agrícola con la
Central Vannina a virtud de cuyo contrato entregó dicha mer-
cantil a dicha Central Vannina la suma de $200,000.   Que
éste fué un contrato de refacción agrícola y está comprendido
en el párrafo 2°. del artículo 1824 del Código Civil no hay
duda alguna.   La referida Central Vannina se encontraba
adeudando entonces al Banco Territorial y Agrícola la suma
de $25,000 facilitada en concepto de préstamo a la mencio-
nada Central de cuya suma eran fiadores Sobrinos· de Ez-
quiaga.   Hubo gran discusión durante la vista así como en
los alegatos presentados por las partes acerca de las razones
por las cuales no fueron incluídos estos $25,000 en el primi-
tivo préstamo de $200,000, pero el hecho permanece en pie
de que no fueron incluídos de tal modo. .También hubo
prueba tendente a mostrar que la referida suma de $25,000
la tomó prestada la Central Vannina para refacción agrícola.
Los fiadores fueron requeridos al pago de dicha suma de
$25,000 al banco, suma que pagaron en dos plazos.   Existe
contradicción entre las partes respecto a si estos $25,000 te-
nían cierto carácter especial por virtud del cual los acree-
dores tenían derecho a retenerlos en garantía de las reclama-
ciones que surgieran con motivo del azúcar entregada a ellos,
pero no encontramos nada en los autos en vista de las con-
clusiones generales a que llegó la corte inferior que nos jus-
tifique en resolver el conflicto en favor de los apelantes.   Aun

cuando los apelantes hubieran probado de modo concluyente que tenían tal entendimiento con la Central Vannina dudamos si por ello quedaron convertidos en acreedores refaccionarios por razón del dinero adelantado. Todavía hubieran pagado ellos los $25,000 como fiadores ordinarios obligados solidariamente con sus deudores principales.

Es un hecho enteramente claro que estos apelantes no se han colocado dentro de las prescripciones del párrafo 2 del artículo 1824 del Código Civil puesto que su reclamación por los $25,000 nunca se hizo constar en escritura pública ni jamás fué inscrita. Los apelantes llaman, sin embargo, la atención al artículo 3 de la ley de marzo 10, 1910, el cual entre otros particulares prescribe lo siguiente:

"En caso de que el arrendatario o usufructuario por cualquier título no cumpliese sus obligaciones para con el dueño o representante de la finca, el acreedor refaccionario podrá, al tener conocimiento de ello, cumplir tales obligaciones por cuenta del deudor y con cargo al crédito de refacción agrícola. El acreedor podrá igualmente subrogarse en las obligaciones del deudor para con terceras personas, con el único objeto de garantizar la efectividad del crédito refaccionario."

Según entendemos la alegación, los apelantes expresan que siendo ya acreedores refaccionarios por virtud del préstamo de $200,000, el pago de los $25,000 era un pago comprendido en el significado del referido artículo 3. Pero estos acreedores no pagaron los $25,000 por razón de su condición de acreedores refaccionarios debido a los $200,000 que entregaron, sino que los pagaron por la obligación que habían contraído como fiadores.

Los apelados que en este caso son los síndicos, llamaron la atención hacia el hecho de que no trataban de restringir a los apelantes respecto a cualesquiera derechos que pudieran tener con motivo de cualquier contrato especial que alegaran con la Central Vannina, y en verdad que en la petición que presentaron a la corte los síndicos únicamente piden que no

se permita a los apelantes reclamar los veinticinco mil pesos de que se trata como crédito refaccionario.   Entendemos, por consiguiente, que la resolución apelada debe ser confirmada, pero modificándola con el siguiente aditamento: "sin perjuicio de los derechos de los acreedores Sobrinos de Ezquiaga de probar ante el *Master* cualquier relación o contrato especial que pudiera tener con la Central Vannina bajo cualquier otro concepto que no sea el de refacción agrícola."

> *Confirmada la resolución apelada, sin perjuicio de los derechos de los acreedores Sobrinos de Ezquiaga de probar ante el* Master *cualquier relación o contrato especial que pudiera tener con la Central Vannina bajo cualquier otro concepto que no sea el de refacción agrícola.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.